IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TORIE JACKSON | § | |
| | § | CIVIL ACTION NO._____ |
| VS. | § | |
| | § | |
| WALMART STORES TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC ("Defendant"), incorrectly named WALMART, INC., and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

**I. STATEMENT OF GROUND FOR REMOVAL**

1. On December 7, 2021, Plaintiff Torie Jackson ("Plaintiff") commenced an action in the 270th Judicial District Court of Harris County, Texas captioned "Cause No. 2021-79593; *Torie Jackson v. Walmart, Inc.*" in which she sought personal injury damages allegedly resulting from an incident that occurred on January 16, 2021 (the "Incident") at Wal-Mart Store #915 located at 11210 W. Airport Blvd., Stafford, Texas 77477 (the "Store"). *See* Exhibit A.

2. On December 27, 2021, Defendant timely filed its Original Answer and Jury Demand. *See* Exhibit B, Defendant's Original Answer; *See* Exhibit C, Defendant's Jury Demand.

3. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum

or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

4. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Brazoria County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

5. Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's Original Petition and Citation was on December 27, 2021, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b). *See* Exhibit D, Citation and CT Corporation Service of Process Transmittal.

## III. VENUE

6. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

7. According to her Original Petition, Plaintiff is a resident of Harris County, Texas, at the time suit was commenced. *See* Exhibit A, Plaintiff's Original Petition, Page 1, Para. 2.

8. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

9. Plaintiff sued Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

10. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

11. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas.

12. Accordingly, for diversity purposes, Walmart is a citizen of the States of Arkansas and Delaware. Thus, this lawsuit is between citizens of different states, and there is complete

diversity of citizenship between Plaintiff and Wal-Mart Stores Texas, LLC pursuant to 28 U.S.C. § 1332.

## V. PLAINTIFF'S ALLEGATIONS

13. Plaintiff claims she slipped and fell on cooking oil on the floor of Defendant's store. *See* Exhibit A, Page 2, Para. 7. As a result, Plaintiff brings forth claims of premises liability, general negligence, negligent training, and negligent supervision against Wal-Mart based on the Incident. *Id.* at Pages 2-3, Paras. 7-10.

## VI. JURISDICTIONAL BASIS FOR REMOVAL

14. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

15. The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

**A.    Amount in Controversy Exceeds $75,000.00.**

<u>Legal Standard</u>

16. When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Gebbia*, 233 F.3d at 881. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to

exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

Analysis

17. In this case, Plaintiff openly concedes that the amount in controversy exceeds $75,000.00. *See* Exhibit A, Page 3, para. 11; *see also Gebbia*, 233 F.3d at 881. Specifically, Plaintiff's Original Petition states she seeks monetary relief over $250,000 but not more than $1,000,000.00. *See id.* Thus, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed to this Court.

**B.     The Parties are Diverse in Citizenship.**

18. As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendants are citizens of Delaware and Arkansas. As such, Defendants have met their burden of establishing that diversity of citizenship exists between the parties.

## VII.
## CONCLUSION

Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal is proper in this case.

## VIII.
## PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, L.L.C. prays that this Court find that the above-styled action now pending in the District Court of Houston County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, P.L.L.C.

*/s/ John A. Ramirez*_____
John A. Ramirez
Attorney in Charge
Texas Bar No. 00798450
Fed. Bar No. 21280
Elizabeth Justice
Texas Bar No. 24046181
Fed. Bar No. 606387
5615 Kirby Drive, Suite 900
Houston, Texas  77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
ejustice.atty@bushramirez.com
ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 29th day of December, 2021.

Abraham Garcia
KGS Law Group
150 W Parker Road, Ste. 705-B
Houston, Texas 77076

_/s/ John A. Ramirez_ _____
John A. Ramirez / Elizabeth Justice
