Case 4:21-cv-04210   Document 1-2   Filed on 12/29/21 in TXSD   Page 1 of 6

12/7/2021 12:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59783709
By: Monica Jackson
Filed: 12/7/2021 12:22 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **TORIE JACKSON**<br>*Plaintiff* | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| VS. | §<br>§<br>§ | **HARRIS COUNTY, TEXAS** |
| **WALMART INC.**<br>*Defendant* | §<br>§<br>§ | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Plaintiff, TORIE JACKSON, and files this Original Petition against Defendant, WALMART INC., and for cause would respectfully show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Texas Rule of Civil Procedure 190.1, discovery level II. Plaintiff affirmatively plead that this case is, on its facts, not appropriate for prosecution under the expedited actions process under Texas Rule of Civil Procedure 169.

### II. PARTIES AND SERVICE

2. Plaintiff, TORIE JACKSON is an individual residing in Harris County, Texas.

3. Defendants, WALMART INC., is a Texas corporation and may be served with process through their registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever they may be found.

### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over Defendants because they are Texas entities.

# EXHIBIT A

6.     Venue is proper in Harris County, Texas; pursuant to Section 15.002 (s) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions occurred in this county.

### IV. FACTS

7.     On or about January 16, 2021, Plaintiff was an invitee on Defendant's premises, operating a cart in a reasonable and prudent manner, exercising care for her safety, and the safety of others. The incident occurred when the Plaintiff fell at 8130 Kirby Drive, Houston, Texas 77054, on Defendant's premises. Plaintiff fell due to a cooking oil spill on Defendant's floor. The cooking oil posed an unreasonably dangerous condition. Defendant had actual and/or constructive knowledge of the spill. Defendant failed to warn Plaintiff of the condition or make the condition safe in the first place by not cleaning up the spill. Defendant was in the best position to eliminate and/or warn of this unreasonably dangerous condition. Defendant's breach of its duty proximately caused Plaintiff's injuries.

### V. PLAINTIFF'S CLAIM OF NEGLIGENCE WALMART INC.

8.     At the time of the accident, Defendant negligently failed to maintain their premises in a safe and reasonable manner. Defendant had a duty to exercise ordinary care and reasonably and prudently maintain their premises safe for all people on the property. Defendant breached that duty in one or more way, each of which singularly or in combination with others was the proximate cause of the occurrence in question.

9.     In addition, Defendants do not have in place policies or procedures that require, instruct, or direct it employees in making the premises reasonably safe. If such policies or procedures exist, then Defendants failed to enforce them. Defendants failed to train their employees in

EXHIBIT A

making the premises safe. And Defendants further failed to properly and adequately supervise and oversee its premises so as to prevent occurrences such as this one.

## VI. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT

10. The Defendant had a duty to exercise the ordinary care of a premises operator and landlord to business invitees, i.e., the Plaintiff. The Defendant failed to make their premises safe for everyone entering the premises, including guests, invitees, and patrons. Defendant had actual and/or construction knowledge of this condition and failed to make safe or warn Plaintiff of the dangerous condition posed on Defendant's floor. This condition was not open or obvious, and Defendant was in the best position to make the condition safe.

## VII. DAMAGES FOR PLAINTIFF

11. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs TORIE JACKSON, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiffs seeks monetary relief of over $250,000.00 but not more than $1,000,000.00:

    A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, TOR for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B.  Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

    C.  Physical pain and suffering in the past;

    D.  Physical pain and suffering in the future;

    E.  Physical impairment sustained in the past;

    F.  Physical impairment sustained in the future;

    G.  Loss of earnings in the past;

    H.  Loss of earning capacity which will, in all probability, be incurred in the future;

3



I. Mental anguish in the past; and

J. Mental anguish in the future.

### VIII. REQUIRED DISCLOSURE

12. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

### X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, TORIE JACKSON, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

4



Respectfully Submitted,

**KGS LAW GROUP**

By: /s/ *Abraham Garcia*

Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
Brandon A. Kinard
State Bar No. 24079744
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No. (281) 962-7773
E-Service and Correspondence Email: kgs@kgslawgroup.com
ATTORNEY FOR PLAINTIFF



EXHIBIT A

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

BRANDON KINARD on behalf of ABRAHAM GARCIA
Bar No. 24078005
KGS@KGSLAWGROUP.COM
Envelope ID: 59783709
Status as of 12/7/2021 2:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| ABRAHAM GARCIA | | KGS@KGSLAWGROUP.COM | 12/7/2021 12:22:47 PM | ERROR |

# EXHIBIT A